~~ORIGINAL~~

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

v.

**BRIAN CHRISTIE**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:12-mj-00139

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 31, 2011 in Henry County, in the Southern District of Indiana defendant did, (Track Statutory Language of Offense)

Felon in Possession of Firearm and Ammunition

in violation of Title 18, United States Code, Section 922(g)(1). I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof.

Jason M. Tortorici, Special Agent

Sworn to before me, and subscribed in my presence

February 13, 2012
**Date**

at Indianapolis, Indiana
**City and State**

Kennard P. Foster, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

AFFIDAVIT

Jason Tortorici, being duly sworn, states as follows:

1. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives, United States Department of Justice ("ATF"), and have been so employed for over ten years.

2. I am a sworn Federal Agent empowered under the laws of the United States to investigate violations of federal firearms laws pertaining to the Gun Control Act of 1968.

3. I am conducting an investigation regarding the alleged possession of a firearm by Brian Christie (DOB: XX/XX/75), a convicted felon. Based on my investigation, I have probable cause to believe that Brian Christie has violated Title 18, United States Code, Section 922(g)(1) - Possession of a firearm by a convicted felon.

4. This affidavit is intended to establish that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. My probable cause is based on information set forth in the following paragraphs, which is either known personally to me or has been related to me by members of law enforcement, individuals listed below, and other court documents.

5. On or about December 31, 2011, Officer Justin Wardlow with the New Castle, Indiana Police Department, while on routine patrol, received a request from an employee of the Henry County Estate Buyers located at 1609 Broad Street, New Castle, Indiana, to run a check on a firearm. Upon arrival at the business, Officer Wardlow made contact with the owner, Randall Fox, who advised that he was considering purchasing a firearm brought in by a customer and wanted to verify that it was not stolen.

6. Officer Wardlow observed the firearm to be a Taurus, model PT-22, .22 caliber pistol, serial number AWE21748. Officer Wardlow also observed that the magazine for the Taurus pistol was loaded with five (5) .22 caliber rounds of ammunition. Officer Wardlow then had the Henry County Dispatch run a query on the firearm. The query revealed that the firearm had not been reported stolen.

7. While inside the store, Officer Wardlow discovered that Brian Christie was the customer attempting to sell the firearm to Henry County Estate Buyers. Officer Wardlow had observed Brian Christie standing outside the store talking on a cellular phone, when Officer Wardlow had walked inside the Henry County Estate Buyers.

8. Next, Officer Wardlow spoke with Brian Christie regarding the transaction. Brian Christie admitted that he was trying to sell the firearm. Brian Christie expressed to the officer that he was merely trying to sell the firearm for some extra money. Next, Officer Wardlow asked Brian Christie if he was a convicted felon and Christie advised that he was a convicted felon. Officer Wardlow asked Brian Christie if he was aware that he was not allowed to be in possession of a firearm as a convicted felon. Brian Christie confirmed that he understood that he was not suppose to possess a firearm. Brian Christie explained to Officer Wardlow that he had traded a rifle for the pistol approximately two years ago and that he had been storing the pistol at his aunt's house. Officer Wardlow explained to Brian Christie that he would have to take possession of the firearm. Brian Christie then left the store's premises.

9. Officer Wardlow discovered that Brian Christie had inquired with an employee of the Henry County Estate Buyers of whether they purchased firearms. According to the employee, once Brian Christie discovered that the store did purchase firearms, Christie reached into his jacket and removed a Taurus, model PT-22, .22 caliber pistol, serial number AWE21748. The

employee observed the firearm wrapped in a sock or a cloth of some sort. Brian Christie then handed the firearm to the Henry County Estate Buyers employee. Immediately, the employee then unloaded the firearm which contained five (5) .22 caliber rounds of ammunition.

10. On or about January 2, 2012, Deputy Chris Hanson with the Henry County Sheriff's Department responded to a residence located at 3205 West 175 South in Henry County reference a theft report. Deputy Hanson made contact with the resident of the address, who stated that his handgun was missing from a drawer in his bedroom. At the time of the report, the victim was unable, however, to provide the make, model, and serial number of the firearm. On or about January 3, 2012, the victim contacted Deputy Hanson and was able to provide the firearm's identifying information. The identifying information provided by the victim was identical to the firearm that Brian Christie had attempted to sell to Henry County Estate Buyers on or about December 31, 2011.

11. Records from the Indiana Department of Corrections and from the Henry County Superior Court show that Christie was convicted of a D felony Theft on or about January 24, 2007, in Henry County under cause number 33D01-0608-FB-0016. Records from the Henry County Superior Court 2 show that Christie was also convicted of a D felony Possession of a Schedule II Controlled Substance on or about July 1, 2008, in Henry County under cause number 33D02-0803-FD-0065.

12. Your affiant further knows from his training and experience that the above listed firearm was manufactured outside the State of Indiana, and by virtue of its presence in the State of Indiana would have had to travel in interstate or foreign commerce.

13. On or about February 9, 2012, your affiant successfully test fired the above-mentioned Taurus, model PT-22, .22 caliber pistol, serial number AWE21748 and determined that it was capable of expelling a projectile by the action of an explosive.

14. Based on the foregoing, there is probable cause to believe that Brian Christie has violated Title 18, United States Code, Sections 922(g)(1).

Jason Tortorici
Special Agent,
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn before me this 13th day of February, 2012

Honorable Kennard P. Foster
United States Magistrate Judge
Southern District of Indiana